UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, | : : : | |
| **Plaintiff** | : : | |
| v. | : : | Case No. 1:12-cv-00576-ESH |
| RELIABLE LIMOUSINE SERVICE, LLC, dba RELIABLE LIMOUSINE SERVICE, ET AL. | : : : | |
| **Defendants** | | |

### ANSWER TO ORDER TO SHOW CAUSE

Comes now Paul Benjamin Rodberg (the "Defendant" or "Mr. Rodberg") and pursuant to this Honorable Court's order of September 6, 2013 (the "Order to Show Cause") states as follows:

I.   **Introduction & Background**

The Washington Metropolitan Area Transit Commission ("WMATC" or the "Plaintiff"), fundamentally misapprehends the contours of this Honorable Court's final order of February 6, 2013 (the "Final Order") wherein Reliable Limousine Service, LLC ("Reliable") and Mr. Rodberg were "permanently enjoined from transporting passengers for hire between points within the Metropolitan District unless and until properly authorized" by WMATC. Reliable is a nullity of an entity that conducts no activity whatsoever, and there is no allegation – substantiated or otherwise – that Mr. Rodberg is currently transporting passengers for hire in any geographic area.

To the contrary, WMATC now seeks to construe the Final Order as saying something far more prophylactic than that which it actually does. Specifically, the Plaintiff is now attempting to

proffer that the Final Order prohibits Mr. Rodberg not just from transporting passengers for hire but, indeed, from so much as being employed by any entity that transports passengers for hire. This is clearly not what the Final Order says, and this construction represents a dangerous effort to rewrite the plain language of an injunction some seven months after its issuance.

## II. Standard For Civil Contempt

In considering a petition for civil contempt, any ambiguities in an underlying order are to be construed in favor of an alleged contemnor. Specifically, as recently noted by this Honorable Court :

> "Civil contempt may be imposed only when the underlying order is clear and unambiguous." Therefore, the court gives the alleged contemnor "the benefit of all reasonable inferences to be drawn from the language of" the order, and gives "full effect to the important principle that 'a federal court must frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid[.]"

*Expert Elec., Inc. v. NLRB*, 2013 U.S. Dist. LEXIS 30981, *15 (D. D.C. 2013) (quoting *Salazar ex rel. Salazar v. Dist. of Columbia*, 602 F.3d 431, 442-443 (D.C. Cir. 2010)). This is particularly true in the case of petitions sounding in alleged violations of an injunction, as "In the context of the litigation, an injunction's language might be sufficiently specific to notify the parties of the acts the court seeks to restrain." *Common Cause v. Nuclear Regulatory Com.*, 674 F.2d 921, 927 (D.C. Cir. 1982) (citing *Williams v. United States*, 402 F.2d 47, 48-49 (10th Cir. 1967)).

Moreover, in considering such a petition, a heightened burden of proof falls upon the party seeking the imposition of a contempt finding. Particularly, "Even if an injunction complies with Rule 65(d), the petitioner in a civil contempt case has a heavy burden of proof, often described as proof by 'clear and convincing evidence,' that the respondent violated the court's prior order." *Common Cause*, 674 F.2d at 928 n.13 (citing *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co.*, 626 F.2d 1029, 1031 (D.C.Cir.1980)).

2

### III. Argument: Mr. Rodberg is Not in Violation of the Final Order as There is no Allegation that Mr. Rodberg Has Transported Passengers for Hire in the Metropolitan Area – or Anywhere Else

A plain, unambiguous reading of the Final Order provides that Mr. Rodberg, and Reliable, are each "permanently enjoined from transporting passengers for hire between points within the Metropolitan District unless and until properly authorized" by WMATC. Instantly, the Plaintiff – apparently recognizing that Reliable is no longer a functional entity – is pursuing a contempt finding against only Mr. Rodberg. But the allegations complained of do not nearly give rise to a violation of the Final Order.

The critical allegation, as stated in the memorandum supporting WMATC's motion (the "Motion") states:

> Since the Order was issued, Reliable Limousine and Bus Service, LLC, a Maryland limited liability company wholly owned by Rodberg has performed at least $51,637.59 of passenger transportation requiring a WMATC Certificate of Authority for just one of its clients.

*Motion* at p. 1 (citations omitted). Critically, this is not an allegation that Mr. Rodberg has personally transported passengers for hire, or even that any sole proprietorship acting as an alter ego of Mr. Rodberg has transported passengers for hire. Rather, this is simply an allegation that a company owned by Mr. Rodberg – a company separate and distinct from the Reliable entity that was a party to the above-captioned case[1] – is engaged in the transportation of passengers for hire.

---

[1] Notwithstanding the similar titular designations, there exists no dispute but that the Reliable entity made a party to this case is distinct from Reliable Limousine and Bus Service, LLC, a separate entity currently engaged in litigation with WMATC in the United States Court of Appeals for the Fourth Circuit. *See Reliable Limousine and Bus Service, et al. v. WMATC,* Case No. 13-1735 (4th Cir. 2013). Throughout the instant litigation, it was periodically noted to WMATC that the Reliable entity against whom suit was brought was, in fact, a nullity of an entity. This is, in part, the reason why no stay pending appeal was sought in this case – the Final Order from which an appeal has been noted is of little pragmatic impact since it directs only activities that are consistent with the status quo.

Nor can there be any claim that the activities of Reliable Limousine and Bus Service, LLC are one and the same as the activities, *vel non,* of Mr. Rodberg. As noted by the Supreme Court of the United States, "Undoubtedly a corporation is, in law, a person or entity entirely distinct from its stockholders and officers." *J. J. McCaskill Co. v. United States*, 216 U.S. 504, 514 (1910). *See, also, Bank of Augusta v. Earle*, 38 U.S. 519, 587 (1839); *Pullman's Palace Car Co. v. Missouri P. R. Co.*, 115 U.S. 587 (1885); *Porter v. Pittsburg Bessemer Steel Co.*, 120 U.S. 649, 670 (1887)); *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) ("The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status."); *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 123 n. 10 (D. D.C. 1999) ("'One of the more important and pervasive principles underlying corporations law is the 'entity theory.' This theory provides that a corporation is a separate entity, distinct from its corporate and non-corporate shareholders. … A corporation is an entity irrespective of, and entirely distinct from, the persons who own its stock, and it is well settled that all the shares in a corporation may be held by a single person and yet the corporation continue to exist; nor does the fact that one person owns all the stock, make him and the corporation one and the same person. …'") (quoting *Stamp v. Inamed Corp.*, 777 F. Supp. 623, 626 (N.D. Ill. 1991)); *Uniboard Aktiebolag v. Acer Am. Corp.*, 118 F. Supp. 2d 19, 25 (D. D.C. 2000) (citing *Lans,* 84 F. Supp. 2d at 123 n.10); Md. Corporations and Associations Article § 4A-301 *et seq.*

What WMATC instantly seeks – through the harsh prospect of incarceration, no less – is to conflate Mr. Rodberg and Reliable Limousine and Bus Service, LLC, two legally independent persons. In support of this, WMATC offers only a bald assertion that because Mr. Rodberg owns an entity, the entity is somehow an extension of his being. This is wholly contrary to well-

established law, and renders a mockery of the very corporate structures so delicately recognized and treated by both federal and state law.

Moreover, Reliable Limousine and Bus Service, LLC was an entity in being at all times relevant in this case. If WMATC wished to obtain an injunction prohibiting Reliable Limousine and Bus Service, LLC from operating – as intimated by the Motion – it was incumbent upon WMATC to make the entity a party to this suit. *See Bailey v. United States Marshal Serv.*, 2009 U.S. Dist. LEXIS 30292, *2-*3 (D. D.C. 2009) ("The court is 'powerless to issue an injunction against' a non-party.") (quoting *Citizens Alert Regarding the Environment v. U.S. E.P.A.*, 259 F. Supp. 2d 9, 17 (D.D.C. 2003) (citing Fed. R. Civ. P. 65(d))). Reliable Limousine and Bus Service, LLC, however, is not a party to this suit – nor is it clear that this Honorable Court would even be the proper venue in which to adjudicate a dispute between WMATC and that entity.

Accordingly, WMATC's construction of the Final Order not only operates contrary to well established case law governing that injunctions be read specifically and construed in the interests of a putative contemnor, and equally well established case law holding an LLC to be distinct from its ownership, but also in contravention of the fundamental concept that a court cannot afford relief – especially injunctive relief – against a non-party.

IV. Conclusion

WHEREFORE, for the foregoing reasons, Paul Benjamin Rodberg respectfully prays he not be held in contempt of court, and seeks such other and further relief as may be just and proper.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully Submitted,

/s/Elyse Strickland
Elyse Strickland, Esq.
District of Columbia Bar Member No. 453264
OFFIT KURMAN, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
Phone: (240) 507-1700
Fax:    (240) 507-1735
*Counsel for Defendants*

/s/Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar Number MD18071
OFFIT KURMAN, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
Phone: (240) 507-1700
Fax:    (240) 507-1735
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of September, 2013, a copy of the foregoing was served via the Court's CM/ECF system on all counsel of record, including:

Jeffrey M. Lehmann
Assistant General Counsel
Washington Metropolitan Area Transit Commission
jlehmann@wmatc.gov
8701 Georgia Avenue, #808
Silver Spring, Maryland 20910

/s/Maurice B. VerStandig
Maurice B. VerStandig

4817-3736-9877, v. 2